J-S53041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT BEBOUT, | |
| Appellant | No. 689 WDA 2014 |

Appeal from the PCRA Order April 21, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0003509-1981

BEFORE:  DONOHUE, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:             **FILED SEPTEMBER 30, 2014**

Appellant, Robert Bebout, appeals from the denial of his fifth Post Conviction Relief Act (PCRA) petition.  **See** 42 Pa.C.S.A. §§ 9541–9546.  A jury convicted him of second degree murder for his admitted strangulation and beating of a seven year-old boy after Appellant, then fifteen, had anally raped him.  (**See** N.T. Trial, 4/05/82, at 219).  He claims relief under **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[1]  **Commonwealth v. Cunningham**,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Miller**, **supra**, held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  **Id.** at 2460.

81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014), held that **Miller** does not apply retroactively in Pennsylvania. We affirm.

The court properly denied relief.[2] **Cunningham** controls.[3, 4] And we have already rejected the argument, asserted here alternatively, (**see** Appellant's Brief, at 19-20), that the *habeas corpus* statute combined with various constitutional provisions, permit review. **See Commonwealth v. Seskey**, 86 A.3d 237, 244 (Pa. Super. 2014). Appellant's claim that the court should have allowed him to amend his PCRA petition to seek *habeas corpus* relief, conceded to be outside the scope of the PCRA, (**see** Appellant's Brief, at 17), is unsupported and legally frivolous. The petition is untimely, with no applicable exception for a retroactive constitutional right. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).

Order affirmed.

_____

[2] "The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error." **Commonwealth v. Johnson**, 945 A.2d 185, 188 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008) (citation omitted).

[3] "[N]othing in [a]ppellant]'s arguments persuades us that **Miller's** proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of **Miller's** announcement." **Cunningham**, **supra** at 11.

[4] The argument that the PCRA court should have stayed proceedings until the Unites States Supreme Court ruled on **Cunningham**, (**see** Appellant's Brief, at 16), is moot. The Supreme Court denied *certiorari* on June 9, 2014.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/30/2014</u>